IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| Beecher Cotton, et al,<br><br>     Plaintiffs,<br><br> v.<br><br>Limetree Bay Ventures, LLC, et al,<br><br>     Defendants. | Civil No. 1:21-cv-261<br><br>ACTION FOR DAMAGES<br>Class Action<br>Complex Litigation<br><u>JURY TRIAL DEMANDED</u> |

## NOTICE OF REMOVAL

COMES NOW Pursuant to 28 U.S.C. §§ 1331, 1332, and 1441, Defendant ArcLight Capital Partners, LLC, ("ArcLight"), by and through undersigned counsel, Dudley Newman Feuerzeig, LLP, Charles E. Lockwood, Esq., with the consent of Defendants Limetree Bay Refining, LLC, Limetree Bay Terminals, LLC, Limetree Bay Ventures, LLC, Freepoint Commodities, LLC, and EIG Global Energy Partners, LLC and BP Products North America, Inc. (collectively, with John Does 1–10, "Defendants"), removes the above-captioned action from the Superior Court of the Virgin Islands to the United States District Court of the Virgin Islands.

2. This Court has original jurisdiction for three separate and independent reasons. *First*, the Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *Second*, the Court has diversity jurisdiction under 28 U.S.C. § 1332(a). *Third*, the Court has federal question jurisdiction under 28 U.S.C. § 1331.

Case: 1:21-cv-00261-WAL-EAH   Document #: 1   Filed: 06/24/21   Page 2 of 14

*Cotton, et al v. Arclight, et al.*, Case No. 1:21-cv-261
Defendant ArcLight's Notice of Removal
Page 2

# FACTUAL BACKGROUND

3.  Built in the 1960s, the Limetree Bay Oil Refinery (the "Refinery") and the Limetree Bay Terminal are located on the south central coast of St. Croix, U.S. Virgin Islands.[1]

4.  In 2011, the United States Environmental Protection Agency ("EPA") sued the Refinery's then-owner HOVENSA LLC for violations of the federal Clean Air Act concerning its Refinery operations. As Plaintiffs allege, HOVENSA and the EPA entered into a consent decree, under which HOVENSA committed to take various steps to reduce emissions from the Refinery in order to resolve alleged violations of the Clean Air Act. Cotton Compl. ¶ 29; *see also United States, et al. v. Hovensa LLC*, Case No. 11-cv-00006-RAM-GWC (D.V.I. June 7, 2011), ECF No. 6 ("Consent Decree").

5.  The 2011 Consent Decree required HOVENSA to, among other things, comply with various regulatory and monitoring requirements for acid gas and hydrocarbon flaring and to reduce or control nitrogen oxide, sulfur dioxide, particulate matter, and carbon monoxide emissions from the Refinery through the implementation of preventative measures including pollution monitoring equipment. *See id.*; Cotton Compl. ¶ 29.

6.  In 2012, about six months after entry of the Consent Decree, HOVENSA ceased refining operations. *Id.* ¶ 30.

7.  Plaintiffs allege that, in early 2016, Defendants purchased the Refinery and the Limetree Bay Terminal. *Id.* ¶ 32.

---

[1] The Refinery was originally constructed by the Amerada Hess Corp., as the Hess Oil V.I. Corp. (HOVIC) refinery, which later became the HOVENSA refinery.

Case: 1:21-cv-00261-WAL-EAH   Document #: 1   Filed: 06/24/21   Page 3 of 14

*Cotton, et al v. Arclight, et al.*, Case No. 1:21-cv-261
Defendant ArcLight's Notice of Removal
Page 3

8. Following the purchase, the EPA modified the 2011 Consent Decree (the "First Modification"), "adding Limetree Bay Terminals, LLC [and] Limetree Bay Refining, LLC" as parties to the Consent Decree such that they "effectively step into the shoes of HOVENSA." *See United States, et al. v. Hovensa LLC*, Case No. 11-cv-00006-RAM-GWC (D.V.I. Apr. 8, 2021), ECF No. 19 ("First Modification") at 4–5.

9. The First Modification "maintains the specific, tailored relief called for in the 2011 Consent Decree including the requirements" listed above. *Id.* at 24–25.

10. In February, 2021—five years after purchasing the Refinery—the new owners began restarting operations. Cotton Compl. ¶ 43.

11. Plaintiffs allege that, while attempting to re-start operations, the Refinery emitted pollutants on four occasions in 2021. *Id.* ¶¶ 44–71.

12. Four class action lawsuits are currently pending in federal and territorial courts concerning those same four alleged pollution emission events.

13. The first case to be filed, *Shirley, et al. v. Limetree Bay Ventures LLC et al.*, is pending in the Superior Court of the Virgin Islands. *Shirley, et al. v. Limetree Bay Ventures LLC et al.*, Case SX-2021-CV-00411 (VI. Sup. Ct. May 19, 2021), ECF No. 1. The defendants are Limetree Bay Refining, LLC; Limetree Bay Terminals, LLC; and Limetree Bay Ventures, LLC, all of whom are defendants in this action. *Id.* ¶¶ 21–23. The named plaintiffs in *Shirley*, a combination of Virgin Islands residents and residents of other states, seek both damages and injunctive relief. *Id.* ¶¶ 12–20 & pp. 15–16. They also seek to certify two classes of plaintiffs: (1) a medical monitoring class, consisting of all persons who were allegedly exposed pollutants

*Cotton, et al v. Arclight, et al.*, Case No. 1:21-cv-261
Defendant ArcLight's Notice of Removal
Page 4

emitted by the Refinery since February 1, 2021; and (2) a homeowner class, consisting of all persons who own real property on St. Croix that were similarly exposed. *Id.* ¶ 76.

14. The Complaint in this action, described in more detail below, was filed on May 20, 2021, the day after the complaint in *Shirley*.

15. Also on May 20, 2021, a third putative class action arising out of the same alleged events, *Charles, at al. v. Limetree Bay Ventures, LLC et al.*, was filed in the Superior Court of the Virgin Islands. *Charles, et al. v. Limetree Bay Ventures, LLC et al.*, SX-2021-CV-00413, (VI. Sup. Ct. May 20, 2021). All of the defendants in *Charles* are also defendants in this action.

16. On June 9, 2021, a fourth putative class action was filed in this Court. *Boynes, et al. v. Limetree Bay Ventures, LLC et al.*, Case No. 1:21-cv-00253-WAL-GWC (D.V.I. June 9, 2021), ECF No. 1. All of the defendants in this action are also defendants in *Boynes*. The Complaint in *Boynes* seeks to certify a class of all persons who owned property, operate a business, work, or reside on St. Croix and were harmed by the alleged pollution events at the Refinery. *Id.* ¶ 101. The Complaint in *Boynes* specifically alleges jurisdiction under CAFA. *Id.* ¶ 9.

## PLAINTIFFS' COMPLAINT

17. This Complaint was filed in the Superior Court of the Virgin Islands against the Defendants on May 20, 2021.

18. The named Plaintiffs, Beecher Cotton, Pamela Colon, Sirdina Isaac-Joseph, Esther Clifford, Sylvia Browne, and Alvina Jean-Marie Ilarraza are citizens and residents of St. Croix. Cotton Compl. ¶¶ 9–14.

Case: 1:21-cv-00261-WAL-EAH   Document #: 1   Filed: 06/24/21   Page 5 of 14

*Cotton, et al v. Arclight, et al.*, Case No. 1:21-cv-261
Defendant ArcLight's Notice of Removal
Page 5

19. In addition to ArcLight, the Complaint names Limetree Bay Refining, LLC, Limetree Bay Terminals, LLC, Limetree Bay Ventures, LLC, Freepoint Commodities, LLC, and EIG Global Energy Partners, LLC, and BP Products North America, Inc. as Defendants. *Id.* ¶¶15–21.

20. The Complaint also names ten "John Does" as Defendants. *Id.* ¶ 22. To ArcLight's knowledge, no John Doe defendant has been identified or served.

21. The Complaint seeks to recover damages for negligence, negligence *per se*, abnormally dangerous condition, public nuisance, private nuisance, violation of the Virgin Islands Air Pollution Control Act, medical monitoring, and negligent and intentional infliction of emotional distress. *Id.* ¶¶ 151–216.

22. Plaintiffs' claims are predicated in part on alleged noncompliance with the Consent Decree and makes clear that the allegations stem from the same alleged misconduct—harmful emissions from the Refinery. For example, the Complaint alleges that:

- As a result of the EPA's investigation of the Refinery in 2011, the EPA "required HOVENSA to implement new and upgraded pollution controls, more stringent emission limits and aggressive monitoring, and leak detection and repair practices to reduce emissions from refinery equipment and process units." Cotton Compl. ¶ 29. And "instead of . . . undertaking the required improvement projects." HOVENSA shut down the refinery in 2012. *Id.* ¶ 30.

- "Defendants knew or should have known that the refinery was not in a proper condition to reopen." *Id.* ¶ 42.

Case: 1:21-cv-00261-WAL-EAH   Document #: 1   Filed: 06/24/21   Page 6 of 14

*Cotton, et al v. Arclight, et al.*, Case No. 1:21-cv-261
Defendant ArcLight's Notice of Removal
Page 6

- On April 8, 2021, the EPA "filed a Motion to Enter the First and Second Modifications to a 2011 Consent Decree which resolved Clean Air Act violations of the refinery's prior owner, which resolved Clean Air Act violations of the refinery's prior owner, Hovensa . . . [and] substituted the facility's new owners, Limetree Terminal LLC and Limetree Refining LLC, for Hovensa, and added an environmental response trust." *Id.* ¶ 55.

- "Defendants chose to continue their oil refining operations, and predictably and foreseeably, given the fact that it was known to Defendants that the Limetree Bay Refinery had been idled for years and was in poor condition and not capable of operating correctly, contamination incidents continued to occur." *Id.* ¶ 56.

23. Plaintiffs seek to certify a class consisting of "all persons or entities who have suffered injuries and/or damages because of the Contamination Incidents" at the Refinery. *Id.* ¶ 141. Plaintiffs seek to certify "a separate medical monitoring class on behalf of all persons who were exposed to the contaminants at issue." *Id.*

24. On June 10, Plaintiffs filed an emergency motion for a Temporary Restraining Order ("TRO") in the Superior Court of the Virgin Islands. The TRO motion is attached hereto as Exhibit D. A hearing on this motion is scheduled for June 28, 2021. Defendants have not yet filed an opposition to Plaintiffs' TRO motion. No other substantive filings have been made in this action.

## TIMING AND VENUE FOR REMOVAL

25. Defendant ArcLight, who submits this notice of removal with the consent of all defendants, was served on June 1, 2021.

Case: 1:21-cv-00261-WAL-EAH   Document #: 1   Filed: 06/24/21   Page 7 of 14

*Cotton, et al v. Arclight, et al.*, Case No. 1:21-cv-261
Defendant ArcLight's Notice of Removal
Page 7

26. Each defendant properly joined and served has consented in writing to this notice of removal pursuant to pursuant to 28 U.S.C. § 1446(b), as shown in the attached Consent to Removal.

27. No consent is needed for the unknown John Doe Defendants. *See Green v. Am. Online (AOL)*, 318 F.3d 465, 470 (3d Cir. 2003).

28. This removal notice is filed within 30 days of service of the Complaint. 28 U.S.C. § 1446(b)(1).

29. The Superior Court of the United States Virgin Islands is within the geographical boundaries of the District Court of the Virgin Islands, and thus the Complaint is properly removed to this Court.

30. Attached as **Exhibit A** is a copy of the Summons and Complaint served upon ArcLight. Attached as **Exhibit B** is Plaintiffs' Notice of Service through ArcLight's registered agent, CogencyGlobal, of the Complaint. Attached as **Exhibit C** is the Notices of Appearance of Counsel. Other than Plaintiffs' TRO motion, **Exhibit D**, Defendant has not received service of any other process, pleadings, motions, or orders in the Superior Court. Attached as Exhibit E is a copy of all pleadings and orders served on other Defendants that are not included in **Exhibits A through D**.

## **DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA") 28 U.S.C. § 1332(d)(2)**

31. This Court has original jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), and removal jurisdiction under 28 U.S.C. § 1441.

Case: 1:21-cv-00261-WAL-EAH   Document #: 1   Filed: 06/24/21   Page 8 of 14

*Cotton, et al v. Arclight, et al.*, Case No. 1:21-cv-261
Defendant ArcLight's Notice of Removal
Page 8

32. CAFA creates federal-court jurisdiction over class actions where (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (2) the number of putative class members is greater than 100, and (3) the amount in controversy exceeds $5 million. 28 U.S.C. §§ 1332(d)(2), (d)(2)(A), & (d)(5)(B).

33. CAFA's minimal diversity requirement is satisfied here. The named Plaintiffs are citizens of the Virgin Islands. Cotton Compl. ¶¶ 9–14. And Defendant ArcLight is organized under the laws of Delaware and has its principal place of business in Massachusetts. *See id.* ¶ 18. For the purposes of establishing minimum diversity necessary for jurisdiction under CAFA, a limited liability company such as ArcLight is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

34. There are also at least 100 putative class members. Plaintiffs allege that "[t]he proposed Class Members are so numerous that their individual joinder is impracticable" and that "the proposed class contains at least one thousand individuals and/or entities." Cotton Compl. ¶ 146. Plaintiffs' TRO further alleges the existence of "thousands of Class Members." Ex. D at 5. Thus, the putative class exceeds 100 members for purposes of removal. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 505 (3d Cir. 2014) ("Because [the plaintiff] explicitly asserted in her complaint that there are 'hundreds of [class] members,' [the defendant] was entitled to rely on this fact as an admission in favor of jurisdiction" under CAFA.).

35. And the amount in controversy in this matter exceeds $5 million, as required by 28 U.S.C. § 1332(d)(2); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount

Case: 1:21-cv-00261-WAL-EAH   Document #: 1   Filed: 06/24/21   Page 9 of 14

*Cotton, et al v. Arclight, et al.*, Case No. 1:21-cv-261
Defendant ArcLight's Notice of Removal
Page 9

in controversy exceeds the jurisdictional threshold."). Plaintiffs seek compensatory damages for a class that "contains at least one thousand individuals and/or entities." Cotton Compl. ¶ 146. They also seek medical monitoring and testing procedures for the class. *Id.* ¶¶ 194–198. Plaintiffs further allege that Defendants' conduct was intentional and seek punitive damages. And Plaintiffs allege a host of harms, including personal injuries, emotional distress, injury to their real and person property, decreased property value, and the loss of use and enjoyment of their properties. *Id.* ¶¶ 151–59. With a class alleged to be in the thousands, per-member damages of only a few thousand dollars each would easily meet, and likely exceed, the $5 million threshold. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007). And Plaintiffs' description of $2,000 per member in compensatory damages as a "relatively small amount of money" indicates that they intend to seek more than that. Ex. D at 11.

36.     No exception to CAFA jurisdiction applies. Neither of the two circumstances establishing a local controversy exception to CAFA pertains here. The first (28 U.S.C. § 1332(d)(4)(A)) requires that "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." *Id.* § 1332(d)(4)(A)(iii). But as explained above, the class action in *Shirley* was filed before this action against several of the Defendants here, and arises out of the same or similar factual allegations. *See supra* ¶ 12. The second circumstance, 28 U.S.C. § 1332(d)(4)(B), is inapplicable because not all of the primary defendants are citizens of the Virgin Islands. For the same reason, the discretionary exception to CAFA is also inapplicable. *See* 28 U.S.C. § 1332(d)(3) (requiring that the primary defendants be citizens of the state where the action was filed).

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

*Cotton, et al v. Arclight, et al.*, Case No. 1:21-cv-261
Defendant ArcLight's Notice of Removal
Page 10

37. This Court also has original jurisdiction under 28 U.S.C. § 1332(a), and removal jurisdiction under 28 U.S.C. § 1441.

38. Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). This action meets both requirements.

39. There is complete diversity between Plaintiffs and Defendants in this action.

40. The named Plaintiffs allege that they are residents and citizens of the U.S. Virgin Islands. *See* Cotton Compl. ¶¶ 9–15.

41. Unlike for CAFA purposes, *see supra* ¶ 33, for purposes of § 1332(a), "'[t]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members.'" *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (alteration in original) (citation omitted).

42. Defendant ArcLight is a limited liability company, and, on information and belief, none of its owners or members is a citizen of the Virgin Islands.

43. Defendant BP Products North America, Inc. is incorporated in Delaware with its principal place of business in Illinois. *See* Cotton Compl. ¶ 21.

44. "[I]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a)" "the citizenship of defendants sued under fictitious names shall be disregarded," 28 U.S.C.A. § 1441, so the alleged citizenship of the Defendant Does is irrelevant

Case: 1:21-cv-00261-WAL-EAH   Document #: 1   Filed: 06/24/21   Page 11 of 14

*Cotton, et al v. Arclight, et al.*, Case No. 1:21-cv-261
Defendant ArcLight's Notice of Removal
Page 11

to removal. *See id.* ¶22 (noting true names and capacities of "Defendant Does" are not known to Plaintiffs).

45. Each of the other Defendants is also a limited liability company and upon information and belief, no Defendant has any owner or member that is a citizen of the Virgin Islands.

46. With regard to the amount in controversy requirement, Plaintiffs in this action, on behalf of a class of at least a thousand individuals, request unspecified compensatory and punitive damages, as well as a Court-established trust fund for medical monitory and testing costs, based on personal injuries, emotional distress, and property damage they allegedly suffered. *See* Cotton Compl. ¶¶ 146, 151–216. It is more than plausible that the amount in controversy exceeds $75,000. *See supra* ¶ 35; *Dart*, 574 U.S. at 89.

47. Because there is complete diversity and the amount-in-controversy requirement is satisfied, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

## FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. 1331

48. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and removal jurisdiction under 28 U.S.C. § 1441.

49. Even where a complaint does not specifically allege a federal cause of action, a case nevertheless "arises under" federal law within the meaning of § 1331 "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal

Case: 1:21-cv-00261-WAL-EAH Document #: 1 Filed: 06/24/21 Page 12 of 14

*Cotton, et al v. Arclight, et al.*, Case No. 1:21-cv-261
Defendant ArcLight's Notice of Removal
Page 12

court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("[F]ederal-question jurisdiction will lie over state-law claims that implicate significant federal issues.").

50. That standard is met here. **First**, "whether Defendant[s] ha[ve] complied with the Consent Decree" is a "federal issue" directly raised by Plaintiffs state-law claims which stem from the same activities regulated by the Decree and rely on violations of the Decree's obligations. *Camillus Clean Air Coal. v. Honeywell Int'l, Inc.*, 2013 WL 4774507, at *2 (N.D.N.Y. Sept. 4, 2013). **Second**, Defendants intend to vigorously dispute the allegations of noncompliance. **Third**, courts have recognized that the issue of compliance with an EPA consent order is substantial. *Id.*; *United States v. City of Loveland, Ohio,* 621 F.3d 465, 472 (6th Cir. 2010). **Last**, this Court can resolve the scope of and compliance with the Consent Order issue without disrupting the federal-state balance. *See City of Loveland,*, 621 F.3d at 472 (explaining that "a contrary holding that the district court lacks jurisdiction could allow litigants to use the state courts as a vehicle to undermine a federal court's ability to police its consent decrees").

51. This Court, therefore, has subject-matter jurisdiction over this proceeding, and removal is proper.

**WHEREFORE**, ArcLight respectfully removes this action to this Court.

Case: 1:21-cv-00261-WAL-EAH   Document #: 1   Filed: 06/24/21   Page 13 of 14

*Cotton, et al v. Arclight, et al.*, Case No. 1:21-cv-261
Defendant ArcLight's Notice of Removal
Page 13

                                        Respectfully submitted,

Dated:  June 24, 2021                   DUDLEY NEWMAN FEUERZEIG, LLP.

                                        By: /s/ Charles E. Lockwood, Esq.
                                        Charles E. Lockwood, Esq.
                                        *Attorneys for ArcLight Capital Partners, LLC*
                                        1131 King Street, Suite 204
                                        Christiansted, V.I.00820-4971
                                        CLockwood@dnfvi.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 24th day of June, 2021, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the C-track E-filing system, which will send a notification of such filing to the following:

Schuyler A. Smith, Esq.
Jennifer P. Brooks, Esq.
Hamilton, Miller & Birthisel, VI P.C.
*Attorneys for Defendant BP Products North America, Inc*
150 Southeast Second Avenue, #1200
Miami, Florida 33131
ssmith@hamiltonmillerlaw.com
ccarvalho@hamiltonmillerlaw.com
jmiller@hamiltonmillerlaw.com
jgarcia@hamiltonmillerlaw.com

Carl Beckstedt, III, Esq.
Beckstedt & Kuczynski, LLP
2162 Church Street
Christiansted, VI 00820
*Attorneys for Limetree Defendants*
carl@beckstedtlaw.com

J. Daryl Dodson, Esq.
Moore, Dodson, Russell & Wilhite, P.C.
5035 Norre Gade, Suite 201
P.O. Box 310
St. Thomas, V.I. 00804
*Attorney for Freepoint Commodities*
daryl@mdrvi.com

*Cotton, et al v. Arclight, et al.*, Case No. 1:21-cv-261
Defendant ArcLight's Notice of Removal
Page 14

>Adam Marinelli, Esq.
>BoltNagi, PC
>Merchants Financial Center
>4608 Tutu Park Mall, Suite 202
>St. Thomas, VI 00802-1816
>*Attorney for EIG*
>amarinelli@vilaw.com
>
>Lee J. Rohn, Esq.
>Lee J. Rohn and Associates, LLC
>*Attorneys for Plaintiffs*
>1108 King Street, Suite 3 (mailing)
>56 King Street, Third Floor (physical)
>Christiansted, St. Croix
>U.S. Virgin Islands 00820
>Lee@rohnlaw.com

*/s/ Gregg R. Kronenberger, Esq.*