## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| BEECHER COTTON, PAMELA COLON, SIRDINA ISAAC-JOSEPH, ESTHER CLIFFORD, SYLVIA BROWNE, ALVINA JEAN-MARIE ILARRAZA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, LIMETREE BAY REFINING, LLC, LIMETREE BAY TERMINALS, LLC, ARCLIGHT CAPITAL PARTNERS, LLC, FREEPOINT COMMODITIES, LLC, EIG GLOBAL ENERGY PARTNERS, LLC, BP PRODUCTS NORTH AMERICA, INC. and JOHN DOES 1-10.,<br><br>Defendants. | CASE NO. 1:21-CV-00261-WAL-GWC<br><br>**CLASS ACTION COMPLAINT**<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS</u>

Plaintiffs Beecher Cotton, Pamela Colon, Sirdina Isaac-Joseph, Esther Clifford, Sylvia Browne, and Alvina Jean-Marie Ilarraza (collectively, "Plaintiffs), individually and on behalf of all others similarly situated, for their motion to remand this matter to the Superior Court of the Virgin Islands, state as follows:

### I.    Introduction

This litigation is precisely the kind of local controversy that the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), contemplates should be remanded to the state or territory where it was first filed under the Local Controversy Exception to the statute, 28 U.S.C. § 1332d(4). Pursuant to the Local Controversy Exception, a district court must decline jurisdiction when the following

**LEE J. ROHN AND ASSOCIATES, LLC**
1108 King St, Ste 3
Christiansted, VI
00820
Tel:  340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action)*, Case No. 1:21-CV-00261-WAL-GWC
**_MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS_**
Page 2

four circumstances are met: (1) "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed"; (2) at least one defendant is a defendant (a) from whom significant relief is sought by members of the plaintiff class, (b) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and (c) who is a citizen of the State in which the action was originally filed; (3) "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed"; and (4) during the 3-year period preceding the filing of the class action at issue, "no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A). All of these factors are met here.

Plaintiffs and the proposed Class members are citizens and residents of St. Croix who live and work in the communities surrounding the Limetree Bay Oil Refinery. As a result of Defendants' gross mismanagement and reckless operation of the Refinery, Plaintiffs and the proposed Class have suffered significant property damage, personal injury, and health and safety risks due to at least four devastating Contamination Incidents[1] between the refinery's reopening in February 2021 and May 2021. In short, Plaintiffs, Class members, and the local St. Croix community have all bore the brunt of Defendants' reckless pursuit of monetizing the Refinery operations at the Limetree Bay property.

---

[1] Unless otherwise noted, capitalized terms have the meaning ascribed to them in Plaintiffs' Class Action Complaint (the "Complaint") filed in the Superior Court of the Virgin Islands, St. Croix Division on May 20, 2021. See Dkt. No. 1-3. References to "¶__" refer to the paragraphs in the Complaint.

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action)*, Case No. 1:21-CV-00261-WAL-GWC
**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
Page 3

There is no reasonable dispute over the following facts: (1) at least two-thirds of the proposed Class are citizens of the Virgin Islands; (2) several local Virgin Islands-based and incorporated Defendants played a significant role in the conduct alleged in the complaint and the injuries suffered by Plaintiffs and the Class; (3) the principal injuries alleged in this matter resulted from conduct that occurred in the Virgin Islands; and (4) there is no other class action that would counsel in favor of federal jurisdiction. Thus, this case should be remanded under the Local Controversy Exception of CAFA.

In its Corrected Notice of Removal (Dkt. No. 14), Defendant ArcLight Capital Partners, LLC ("Defendant") attempts to dismiss the applicability of CAFA's Local Controversy Exception on a technicality of its own invention, namely by asserting that because a similar class action relating to Defendants' malfeasance was filed ***the day before*** the present action (the *Shirley* action),[2] the Local Controversy Exception cannot apply because the prior-filed action qualifies as a "class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the instant class action." 28 U.S.C. § 1332(d)(4)(A)(ii). As detailed below, however, this is a strained and improper interpretation of the requirements of the Local Controversy Exception that belies common sense and the law. Indeed, courts in the Third Circuit have repeatedly rejected this very argument in remanding similar matters based on the Local Controversy Exception. The result should be no different here.

---

[2] *Shirley, et al. v. Limetree Bay Ventures LLC et al.*, was filed on May 19, 2021 in the Superior Court of the Virgin Islands.

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action)*, Case No. 1:21-CV-00261-WAL-GWC
**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
Page 4

      Aside from its flawed CAFA analysis, Defendant's additional arguments in favor of removal are equally unavailing. This includes its insufficient attempt to assert diversity jurisdiction under 28 U.S.C. § 1332 (a) and its strained assertion of federal question jurisdiction that utterly fails to show that a lightly-referenced EPA consent decree is a substantial issue in Plaintiffs complaint.

      Accordingly, Plaintiffs seek remand under the mandatory Local Controversy Exception of CAFA and because Defendant has failed to show that there is federal question or diversity jurisdiction. As set forth below, this exception is applicable here and this case should be remanded to the Superior Court of the Virgin Islands for further proceedings.

## II.    Relevant Factual and Procedural History

      After Defendants hastily reopened the Limetree Bay Refinery in February 2021, the consequences for Plaintiffs and the proposed Class members were swift and unforgiving. On February 4, 2021, a flare at the refinery caused the release of oil to rain down on over a hundred homes , vegetation, and cars in neighborhoods  adjacent to the refinery.[3] On April 23, 2021 another flaring incident released large amounts of sulfuric gases into the air.[4] In addition, the Refinery suffered a severe gaseous leak on May 5, 2021.[5] On May 12, 2021, the refinery "spewed oil and sulfur dioxide  into the air," showering oil on nearby neighborhoods in an event the EPA called "a serious incident that led to exceedance of the emission limit for sulfur dioxide, a toxic gas."[6] These incidents resulted in the release into the local community of hazardous substances, gases, and odors,

---

[3] ¶44.

[4] ¶57.

[5] ¶63.

[6] ¶68, 70.

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action)*, Case No. 1:21-CV-00261-WAL-GWC
**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
Page 5

including but not limited to oil, hydrogen sulfide, sulfur dioxide, petroleum hydrocarbons, and other chemicals, toxins, and particulates.[7]

The impact of the Contamination Incidents on Plaintiffs and the Class members has been devastating and is well-documented. Plaintiffs discovered that their cars, homes, and other property (including their soil and cisterns) were covered in oil and other contaminants and Virgin Islands residents suffered eye ailments, skin rashes and blisters, neurological injuries such as loss of consciousness, dizziness, headaches and the like.[8] For instance, following the February 4 Incident, early reports indicated that the flare resulted in the likely contamination of at least 193 residences, 148 roofs, 245 cars and at least 70 cisterns, which St. Croix residents rely on to catch and store rainwater for their water needs.[9] Area residents also suffered significant health problems as a result of the incidents, including the May 5 Incident, which resulted in at least 200 known reports from residents complaining of the odor and serious health effects including nausea, vomiting, stomach aches, itching, irritated eyes, and rash and resulted in at least nine reported emergency room visits.[10] Further, Plaintiffs suffered severe and immediate adverse health reactions from the incidents, including becoming bedridden, suffering from swelling, stabbing pain, irritation of the eyes, nausea, upset stomach, fatigue, uncontrollable coughing, shortness of breath, and headaches.[11] Plaintiffs also

---

[7] ¶2.

[8] *See e.g.* ¶95, 101, 106-107, 111, 117, 119, 127, 130, 135, 138; *see also*, Affirmation of Michael Sales, attached as Exhibit 6 to Plaintiffs' Memorandum in Further Support of Emergency Motion for Mandatory Injunction (filed contemporaneously herewith), at ¶11-16, Exs. 2-7.

[9] ¶47.

[10] ¶63, 64.

[11] ¶¶89-140.

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action*), Case No. 1:21-CV-00261-WAL-GWC
**_MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO_**
**_THE SUPERIOR COURT OF THE VIRGIN ISLANDS_**
Page 6

endured lack of sleep, stress, and emotional distress as a result of their experience and their fear

concerning the long-term health impacts of the Contamination Incidents.[12]

On May 20, 2021, Plaintiffs filed a class action complaint alleging numerous claims against

Defendants as a result of the Contamination Incidents, including a claim under the Virgin Islands

Air Pollution Control Act, 12 V.I.C. § 201, *et seq*. Among the Defendants named in the action were

three entities based in and incorporated in the U.S. Virgin Islands: Limetree Bay Ventures LLC,

Limetree Bay Refining LLC, and Limetree Bay Terminals, LLC, which are alleged to actually

operate the Refinery. The action seeks certification of a class of similarly situated persons or entities

who suffered injuries and/or damages because of the Contamination Incidents at the Limetree Bay

Refinery as well as a medical monitoring class on behalf of all persons who were exposed to the

contaminants at issue.

To protect the health, safety, and property interests of the St. Croix communities most

affected by the Contamination Incidents, on June 10, 2021, Plaintiffs filed a motion for a temporary

restraining order and other injunctive relief, including: (i) prohibiting Defendants from

communicating a materially misleading release to Class members concerning this litigation; (ii)

precluding Defendants from using or enforcing any improperly obtained releases they received; (iii)

directing that a Court-approved corrective notice be issued to all Class members who received a

release from Defendants; and (iv) issuing an order requiring Defendants to properly clean up the

contaminants that were emitted as a result of the Contamination Incidents, including, but not limited

to, promptly cleaning Plaintiffs' homes, cisterns, vehicles, and grounds. *See* Notice of Removal,

---

[12] *Id.*

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action*), Case No. 1:21-CV-00261-WAL-GWC
**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO**
**THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
Page 7

Exhibit D. On June 24, 2021, Defendants removed this case to federal court pursuant to CAFA. Briefing on Plaintiffs' motion for a temporary restraining order and other injunctive relief was completed before this Court on July 7, 2021.  On July 16, 2021 the Court entered an Order granting in part certain of the relief requested in Plaintiffs' motion and otherwise directing the parties' with respect to certain aspects of the litigation, including Ordering Plaintiffs to file the present Motion.

## III.    Argument

### a.  This Matter Should be Remanded to the Superior Court for the Virgin Islands

CAFA significantly expanded the original jurisdiction of the federal courts to hear class action lawsuits. Under CAFA, federal district courts have original jurisdiction over class actions if the total amount in controversy exceeds $5 million; at least one class member resides in a state other than the home state of any defendant; and there are at least 100 class members. *See* 28 U.S.C. § 1332(d)(2); *Abednego v. Alcoa, Inc*., No. 10–cv-009, 2011 WL 941569, at *1 (D. Virgin Islands Mar. 17, 2011).

CAFA's jurisdiction, however, is not limitless. If a district court does not have subject matter jurisdiction over the action or if it determines that an exception to CAFA applies, the action must be remanded to state court. *See Castro v. Linden Bulk Transportation LLC*, No. 19-CV-2044, 2020 WL 2573288, at *4 (D.N.J. Apr. 20, 2020), *report and recommendation adopted*, No. 19-20442 (SDW)(LDW), 2020 WL 2571680 (D.N.J. May 20, 2020) (holding exceptions to CAFA require remand if raised within a reasonable amount of time) (citing *Graphic Communications v. CVS Caremark Corp.*, 636 F.3d 971, 973-76 (8th Cir. 2011) ("CAFA exception was akin to abstention because the 'decline to exercise' language of statute inherently recognized that court had subject

matter jurisdiction but must actively decline to exercise it if the exception's requirements are met
and is not subject to the thirty-day deadline.").

One such exception is the Local Controversy Exception, which exempts from federal
jurisdiction "a truly local controversy—a controversy that uniquely affects a particular locality to the
exclusion of all others." *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 508 (3rd Cir.
2013) (*citing* 151 Cong. Rec. H723–01, 2005 WL 387992 (daily ed. Feb. 17, 2005) (statement of
Rep. Sensenbrenner)). The exception "enables State courts to adjudicate truly local disputes
involving principal injuries concentrated within the forum State." *Id.* (*quoting* 151 Cong. Rec. S999–
02, 2005 WL 283380 (daily ed. Feb. 7, 2005) (statement of Sen. Specter)); *Abraham v. St. Croix
Renaissance Group, L.L.L.P.*, 719 F.3d 270, 278, 58 V.I. 788, 800 (3rd Cir. 2013) (quoting 28
U.S.C. § 1332(d)(4)(A)(i)(III) ("The local-controversy exception contains broad language
"instructing a district court to decline to exercise jurisdiction where the 'principal injuries resulting
from *the alleged conduct or any related conduct ...* were incurred in the State in which the action
was originally filed.'")).

### i. The Mandatory Local Controversy Exception Applies To This Case

Pursuant to the Local Controversy Exception, a district court must decline jurisdiction when
the following four circumstances are met: (1) "greater than two-thirds of the members of all
proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally
filed"; (2) at least one defendant is a defendant (a) from whom significant relief is sought by
members of the plaintiff class, (b) whose alleged conduct forms a significant basis for the claims
asserted by the proposed plaintiff class, and (c) who is a citizen of the State in which the action was

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action)*, Case No. 1:21-CV-00261-WAL-GWC
**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
Page 9

originally filed; (3) "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed"; and (4) during the 3-year period preceding the filing of the class action at issue, "no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A).

1. **More than two thirds of the Class are citizens of the Virgin Islands**

In their Complaint, Plaintiffs assert that they are citizens and residents of St. Croix, U.S. Virgin Islands, and that they seek to represent a class of similarly situated individuals and entities that were injured as a result of the Contamination Incidents or were exposed to contaminants as a result of the incidents and seek medical monitoring. Thus, the Class is comprised of overwhelmingly predominantly Virgin Islands residents that exceed the 2/3's threshhold, individuals and entities that lived and worked in St. Croix at the time of the Contamination Incidents and suffered harm as a result of Defendants' operation of the Limetree Bay Refinery. Under these facts, it cannot be disputed that at least two thirds of the proposed classes are comprised of citizens of the Virgin Islands, as required by 28 U.S.C. § 1332(d)(4)(A)(i)(I).

2. **Significant relief is sought from several "local" Defendants whose alleged conduct formed a significant basis for the claims**

There is also no dispute that at least three defendants named in the case are "local"—that is, they are incorporated and principally located in the Virgin Islands: Limetree Bay Ventures LLC,

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action)*, Case No. 1:21-CV-00261-WAL-GWC
**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
Page 10

Limetree Bay Refining LLC, and Limetree Bay Terminals, LLC.[13] These Limetree Defendants played a significant role in Defendants' operation of the Limetree Bay Refinery and the incidents that form the basis of Plaintiffs' claims. For instance, Limetree Bay Refining LLC is alleged to have actually operated the refinery at the time of the Contamination Incidents.[14] Limetree Bay Terminals, LLC negotiated a new operating agreement with a group representing the Governor of the Virgin Islands, which authorized the Defendants to own, restart, and operate the Refinery.[15] It is, in fact, Defendant Limetree Bay Terminals LLC that is actually spearheading the clean up of the spill and is doing so in an improper manner.[16] At bottom, Plaintiffs' claims are based upon the actions of these local Defendants and, thus, undisputedly, the conduct of these Defendants forms a "significant basis" of Plaintiffs' claims. *See e.g.*, *Vodenichar* at 507 (because plaintiffs' claims are based upon local defendants' purported omissions, defendants' conduct forms a "significant basis" of plaintiffs' claims).

Further, Plaintiffs assert that these local Defendants are responsible for the substantial injuries and damages suffered by Plaintiffs and the Class members as a result of their operation of the Limetree Bay Refinery, which caused the Contamination Incidents that are at issue in this litigation, and Plaintiffs seek significant relief from these Defendants as a result.[17]

---

[13] ¶15-17.

[14] ¶16.

[15] ¶32.

[16] *See* Declaration of Jeffrey Charles, in *Shirley, et. al. v. Limetree Terminals, et. al.*, attached as Exhibit 16 to Plaintiffs' Memorandum in Further Support of Emergency Motion for Mandatory Injunction, filed contemporaneously herewith.

[17] ¶23.

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action)*, Case No. 1:21-CV-00261-WAL-GWC
**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
Page 11

### 3. The principal injuries resulted from alleged conduct that occurred in the Virgin Islands

Given that the injuries alleged all resulted from the Contamination Incidents that occurred at the Limetree Bay Oil Refinery in St. Croix, U.S Virgin Islands, it cannot be reasonably disputed that "the principal injuries resulting from the alleged conduct of each defendant were incurred in the state in which the action was filed." 28 U.S.C. § 1332(d)(4)(A)(i)(III). Thus, the principal injuries resulting from the alleged conduct of the Defendants were incurred in St. Croix, U.S. Virgin Islands. Moreover, the injuries were the result of Defendants' conduct in recklessly reopening, operating, and failing to safely and adequately maintain the Refinery located in St. Croix, U.S. Virgin Islands.

### 4. There is no "other class action" for purposes of the Local Controversy Exception

The Local Controversy Exception requires that "no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the instant class action." 28 U.S.C. § 1332(d)(4)(A)(ii). Defendant asserts that the *Shirley* class action filed *the day before* the present action bars the application of the Local Controversy Exception because *Shirley* would qualify as an "other class action." *See* Corrected Notice of Removal at ¶ 36.

This interpretation of the Local Controversy Exception, however, is wholly unsupported in the law. In fact, courts in the Third Circuit have thoughtfully considered the intent of Congress in enacting CAFA to reject this argument and to order a matter remanded under the Local Controversy Exception. For instance, in *Vodenichar,* 733 F.3d at 503, an oil and gas lease case, the Third Circuit found that the mere "act of filing a subsequent complaint does not necessarily mean that the earlier

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action)*, Case No. 1:21-CV-00261-WAL-GWC
**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
Page 12

filed action bars invocation of the [Local Controversy] exception." In finding that a first filed action did not constitute an "other class action" under CAFA, the court in *Vodenichar* considered that, in enacting CAFA, "Congress wanted to ensure that defendants did not face copycat, or near copycat, suits in multiple forums and hence excluded from the local controversy exception cases where a defendant was named in multiple similar cases." *Id*. at 508; *see also King v. Mueller*, No. 14–cv-1641, 2015 WL 1345174, at *3 (M.D. Pa. Mar. 25, 2015) (finding that CAFA was designed "to provide a single forum in which to consolidate multiple claims against a single defendant, and to prevent so-called copycat suits from arising in various forums…it was meant as a protective measure for defendants against being compelled to defend against similar claims in various forums"). The courts in both *Vodenichar* and *King* went on to reject "other class action" arguments similar to Defendant's assertion here. *Vodenichar*,773 F.3d at 510 (affirming remand under the Local Controversy Exception and rejecting argument that "other class action" precluded application of the exception, where it was "not a copycat situation where the defendants face similar class claims brought by different named plaintiffs and different counsel in different forums"); *King*, 2015 WL 1345174, at *3 (rejecting "other class action" argument where there were "two similar cases, both originally filed in the Luzerne County (Pa.) Court of Common Pleas and one removed to this court from the Luzerne County Court of Common Pleas, not multiple class actions as contemplate[d] by Congress."); *see also Lee v. Central Parking Corp.*, No. 2:15–CV–0454 (KM)(MAH), 2015 WL 4510128, at *15 (D.N.J., Jul. 24, 2015) ("Unlike in *Vodenichar,* here, the first filed Florida action constitutes an 'other class action' as contemplated under CAFA. The current action is not simply a

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action)*, Case No. 1:21-CV-00261-WAL-GWC
**_MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS_**
Page 13

continuation of the Florida lawsuit, as it involves different representative plaintiffs and counsel in different forums.").

Accordingly, for the foregoing reasons, this action falls squarely within the mandatory Local Controversy Exception to CAFA's amendments to federal court jurisdiction, and as such, this Court should grant Plaintiff's Motion and remand this matter to the Superior Court of the Virgin Islands, St. Croix Division. Such a result is consistent with other district courts in the Third Circuit that have ordered remand under similar circumstances where the local nature of the controversy dictates that result. *See King*, 2015 WL 1345174, at *3 (Ordering remand pursuant to Local Controversy Exception and finding that "[i]t is clear that this controversy uniquely affects Northeast Pennsylvania and that the principal injuries are concentrated within Pennsylvania. To deny the remand to the Luzerne County Court of Common Pleas would be to directly frustrate the purpose of this exception."); *Logan v. CLUB Metro USA LLC*, NO. 15-cv-6773, 2015 WL 7253935, at *3-4 (D.N.J., Nov. 17, 2015) (granting remand to New Jersey state court under the Local Controversy Exception and rejecting "other class action" argument where both actions were filed in New Jersey state court, were of local interest and could better be handled "in a single jurisdiction in which the cases originated and in which the causes of action arose.").

      ii.  **The Court should reject Defendant's additional arguments in favor of removal pursuant to 28 U.S.C. § 1332(a) and federal question jurisdiction**

          1.  **Defendant fails to sufficiently show "complete diversity" pursuant to 28 U.S.C. § 1332(a)**

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action)*, Case No. 1:21-CV-00261-WAL-GWC
**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
Page 14

Defendant's attempt to invoke diversity jurisdiction under 28 U.S.C. § 1332(a) should be rejected outright. Since its enactment, CAFA has governed diversity jurisdiction in class action cases and Defendants' failure to demonstrate the Act's application here (as set forth *supra*) counsels in favor of remand. *See Roberts v. Tribeca Automotive, Inc.*, No. 18-8330 (JMV), 2018 WL 7575102, at *2 (D.N.J., Dec. 28, 2018) (diversity jurisdiction in class action cases is governed by the Class Action Fairness Act of 2005); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007) ("Following the enactment of CAFA, federal courts no longer look to the familiar requirements of 28 U.S.C. § 1332(a) to determine if the court has diversity jurisdiction over certain class actions. Instead, federal courts now look to § 1332(d)(2)").

In addition, Defendant's recitation of purported facts in support of complete diversity pursuant to 1332 (a) is plainly insufficient. In particular, Defendant's vague assertion that "upon information and belief, no Defendant has any owner or member that is a citizen of the Virgin Islands" (Corrected Notice of Removal at ¶45) does not satisfy its burden of proving diversity by a preponderance of the evidence. *In re Lipitor Antitrust Litigation*, 855 F.3d 126, 150 (3rd Cir. 2017). This lack of clarity is especially confounding with respect to Defendant (ArcLight Capital Partners, LLC), the defendant responsible for removal, who nonetheless was unable to affirmatively identify the citizenship of its owners or members. *See Id.* at ¶42; *Lipitor* at 151 (omitting internal citations and quotations) (finding Pfizer and Ranbaxy's lack of effort to demonstrate complete diversity "especially puzzling, since an unincorporated association is in the best position to ascertain its own membership, and the entities in question are Pfizer subsidiaries.").

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action)*, Case No. 1:21-CV-00261-WAL-GWC
**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
Page 15

The citizenship of the owner/members of each defendant should be promptly disclosed. Defendants should be able to provide this information easily and without unnecessarily burdening the Court and should do so before this matter develops further and unnecessarily risks wasting the time and resources of the Court and the parties (including putative Class members). *See Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) (after revelation that limited liability company member's true citizenship destroyed diversity during post-trial appeal, vacating district court judgment and remanding with instructions to dismiss complaint for want of subject-matter jurisdiction); *Id*. at 693 ("It is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary."); s*ee also White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011)(noting that it is essential to trace the citizenship of investors through all levels and "[i]f even one investor in an LP or LLC has the same citizenship as any party on the other side of the litigation, complete diversity is missing and the suit must be dismissed.").

### 2. Defendants fail to demonstrate federal question jurisdiction pursuant to 28 U.S.C. § 1331

Finally, Defendant strains to assert federal question jurisdiction on the strength of a passing reference to an EPA consent decree in the background section of Plaintiffs' complaint. See ¶54. From this single mention, Defendant extrapolates an alternate litigation in which compliance with the consent decree is the focus of Plaintiffs' complaint. Defendant offers no support for this proposition, nor can it. In reality and based on any rationale reading of the allegations in the Complaint, Defendants' compliance with the consent decree has nothing to do with Plaintiffs'

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action)*, Case No. 1:21-CV-00261-WAL-GWC
**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
Page 16

claims, all of which arise under Virgin Islands law. Of course, that is Plaintiffs' prerogative. As masters of their claims, Plaintiffs are free to avoid federal jurisdiction by exclusively relying on Virgin Islands law. *Fuerzeig v. Innovative Communication Corp.*, 174 F.Supp.2d 349, 353 (D. Virgin Islands,2001).

Needless to say, federal question jurisdiction requires much more than the one paragraph at issue here, and is only appropriate "when a plaintiff's well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bates v. Bryant Barnes Blair & Benoit, LLP*, No. SX-13-CV-112, 2015 WL 10987070, at *2 (D.V.I. Sept. 18, 2015) *(citations omitted); N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014) ("A cause of action does not typically 'arise under' federal law unless a federal question appears on the face of a well-pleaded complaint."); *RX.com, Inc. v. O'Quinn*, 766 F.Supp.2d 790, 796 (S.D. Tex. 2011) ("Federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.").

The court in *Bates* rejected federal question jurisdiction where the parties' dispute turned on the enforceability of an arbitration clause in an employment agreement, essentially contract claims arising under territorial law. *Bates* at 3. The fact that the funds in dispute were earned by virtue of plaintiff's appointment as counsel pursuant to a federal statute was found to be "tangential to the bigger dispute over the scope of [p]laintiff's employment with [d]efendant and the validity of the arbitration process." *Id*. So too here, the consent decree, referred to just once in the entirety of

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action)*, Case No. 1:21-CV-00261-WAL-GWC
**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
Page 17

Plaintiffs' Complaint, is at best tangential to plaintiffs' territorial law claims concerning the damages and injuries they suffered as a result of the Contamination Incidents, and Defendants' violations of territorial law. *Rodriguez v. Hovensa, L.L.C.*, No. CV 2012-100, 2014 WL 1308836, at *7 (D.V.I. Mar. 31, 2014) (rejecting federal question jurisdiction where the "sole reference to federal law in [p]laintiffs' [c]omplaint appears in the background section" and plaintiffs plead seven local tort claims).  Under such circumstances, the court in *Rodriguez* found "no basis whatsoever for concluding that federal law creates a cause of action, or that there is a substantial, disputed federal issue embedded within a local cause of action."). *Id*. To find otherwise would "completely ignore the applicable legal principles to conclude that federal question jurisdiction is created by simply including a passing reference to a consent decree in the background section of a complaint."

Plaintiffs' claims explicitly arise under territory law and there is no plausible scenario where their right to relief necessarily depends on resolution of a substantial question of federal law. Defendant certainly does not offer support for such a finding. As such, their attempt to shoehorn federal question jurisdiction into a matter devoid of federal issues, let alone substantial federal issues, should be rejected out of hand.

**IV.   Conclusion**

Based upon the foregoing reasons, Plaintiffs respectfully request that this Court enter an order granting Plaintiffs' motion to remand this matter to the Superior Court of the Virgin Islands.

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action)*, Case No. 1:21-CV-00261-WAL-GWC
***MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS***
Page 18

RESPECTFULLY SUBMITTED
LEE J. ROHN AND ASSOCIATES, LLC
Attorneys for Plaintiffs


DATED:  July 23, 2021

BY:   */s/ Lee J. Rohn*
Lee J. Rohn, Esq.
VI Bar No. 52
1108 King Street, Suite 3 (mailing)
56 King Street, Third Floor (physical)
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 778-8855
**lee@rohnlaw.com**

**BERGER MONTAGUE PC**
Shanon J. Carson
scarson@bm.net
Dena Young
dyoung@bm.net
John Kerrigan
jkerrigan@bm.net
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000

**BERGER MONTAGUE PC**
John G. Albanese
jalbanese@bm.net
1229 Tyler Street NE
Suite 205
Tel.: (612) 597-5997
Attorneys for Plaintiffs

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action)*, Case No. 1:21-CV-00261-WAL-GWC
***MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO THE SUPERIOR COURT OF THE VIRGIN ISLANDS***
Page 19

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on July 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

Adam N. Marinelli, Esq.
BoltNagi, PC
4608 Tutu Park Mall, Ste. 202
St. Thomas, VI  00802
Email Address: amarinelli@vilaw.com; iteare@vilaw.com
    Attorney For: EIG GLOBAL ENERGY PARTNERS, LLC

Carl A. Beckstedt, III, Esq.
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, USVI  00820
Email Address: carl@beckstedtlaw.com; tarsha@beckstedtlaw.com; jamie@beckstedtlaw.com
    Attorney For: Limetree Bay Terminals, LLC, Limetree Bay Terminals, LLC, Limetree Bay Ventures, LLC

Charles Lockwood, Esq.
Dudley Newman Feuerizeig, LLP
1131 King Street, Suite 204
Christiansted, St. Croix, VI  00820
Email Address: clockwood@dnfvi.com; dcarbin@dnfvi.com;
    Attorney For: Arclight Capital Partners, LLC

Daniel T. Donovan, P.C.
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC  20004
Email Address: ddonovan@kirkland.com
    Attorney For: Arclight Capital Partners, LLC

Rhonda R. Trotter, Esq.
Arnold Porter Kaye Scholer LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017-5844
Email Address: rhonda.trotter@arnoldporter.com
    Attorney For: BP PRODUCTS NORTH AMERICA, INC.

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action*), Case No. 1:21-CV-00261-WAL-GWC
**_MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO_**
**_THE SUPERIOR COURT OF THE VIRGIN ISLANDS_**
Page 20

Holly R. Trogdon. Esq.
Kirkland & Ellis LLP
1301 Pennsylvania Avenue NW
Washington, DC  20004
Email Address: holly.trogdon@kirkland.com
     Attorney For: Arclight Capital Partners, LLC

J. Daryl Dodson, Esquire
Moore, Dodson, Russell & Wilhite, P.C.
5035 Norre Gade, Suite 201
P. O. Box 310
St. Thomas, VI  00804-0310
Email Address: daryl@mdrvi.com
     Attorney For: FREEPOINT COMMODITIES, LLC

Jennifer P. Brooks, Esq.
Hamilton, Miller & Birthisel, LLP
150 Southeast Second Avenue
Suite 1200
Miami, FL  33131
Email Address: jmiller@hamiltonmillerlaw.com; jgarcia@hamiltonmillerlaw.com
     Attorney For: BP PRODUCTS NORTH AMERICA, INC.

Lori B. Leskin, Esq.
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY  10019-9710
Email Address: lori.leskin@arnoldporter.com
     Attorney For: BP PRODUCTS NORTH AMERICA, INC.

Matthew S. Owen, Esq.
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC  20004
Email Address: matt.owen@kirkland.com
     Attorney For: Arclight Capital Partners, LLC

Robert Kuczynski, Esq.
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, VI  00820

*Cotton, Beecher, et. al. v. Limetree Bay Ventures, LLC, et. al. (Class Action*), Case No. 1:21-CV-00261-WAL-GWC
***MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS MATTER TO***
***THE SUPERIOR COURT OF THE VIRGIN ISLANDS***
Page 21

Email Address: robb@BeckstedtLaw.com; maureen@beckstedtlaw.com
    Attorney For: Limetree Bay Terminals, LLC, Limetree Bay Ventures, LLC

Schuyler A. Smith, Esq.
Hamilton, Miller & Birthisel, LLP
150 Southeast Second Ave.
Suite 1200
Miami, FL  33131
Email Address: ssmith@hamiltonmillerlaw.com; nalvarez@hamiltonmillerlaw.com;
jmiller@hamiltonmillerlaw.com; gbernardez@hamiltonmillerlaw.com;
jvera@hamiltonmillerlaw.com; bpusvi@hamiltonmillerlaw.com
    Attorney For: BP PRODUCTS NORTH AMERICA, INC.

Xavier J. Avery, Esq.
Kirkland & Ellis LLP
609 Main Street
Houston, TX  77002
Email Address: xavier.avery@kirkland.com
    Attorney For: Arclight Capital Partners, LLC

BY: ___*/s/ Lee J. Rohn*_____(kj)