**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| CLIFFORD BOYNES, et al., | )<br>) **Civil Action No. 2021-0253**<br>) |
| Plaintiffs, | ) |
| v. | ) |
| LIMETREE BAY VENTURES, LLC, et al., | ) |
| Defendants. | ) |
| HELEN SHIRLEY, et al., | )<br>) **Civil Action No. 2021-0259**<br>) |
| Plaintiffs, | ) |
| v. | ) |
| LIMETREE BAY VENTURES, LLC, et al., | ) |
| Defendants. | ) |
| FRANCIS E. CHARLES and THERESA J. CHARLES, | )<br>) **Civil Action No. 2021-0260**<br>) |
| Plaintiffs, | ) |
| v. | ) |
| LIMETREE BAY VENTURES, LLC, et al., | ) |
| Defendants. | ) |
| BEECHER COTTON, et al., | )<br>) **Civil Action No. 2021-0261**<br>) |
| Plaintiffs, | ) |
| v. | ) |
| LIMETREE BAY VENTURES, LLC, et al., | ) |
| Defendants. | ) |

**LIMETREE BAY TERMINALS, LLC'S COMBINED RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO TAKE JUDICIAL NOTICE OF CERTAIN EXHIBITS AND FOR APPLICATION OF RELAXED EVIDENTIARY STANDARD AT PRELIMINARY INJUNCTION HEARING (Dkt. #190)**

COMES NOW Defendant LIMETREE BAY TERMINALS, LLC (d/b/a Ocean Point Terminals) ("Terminals"), by and through undersigned counsel, and hereby opposes in part Plaintiffs' Motion To Take Judicial Notice Of Certain Exhibits And For Application Of Relaxed Evidentiary Standard At Preliminary Injunction Hearing ("Evidentiary Motion"). Terminals does not object to the Court taking judicial notice of the authenticity of certain exhibits where the Plaintiffs establish that "a fact . . . is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Rhoads Indus. v. Shoreline Found., Inc*., No. 15-921, 2022 U.S. Dist. LEXIS 158811, at *98 (E.D. Pa. Sep. 2, 2022) (quoting Fed. R. Evid. 201(b)). However, Terminals does object to "judicial notice" where the Plaintiffs have not satisfied their burden of establishing authenticity for each exhibit they offer into evidence. Terminals also objects to the Court taking judicial notice of the bulk of these documents for the facts asserted therein. Moreover, while Terminals recognizes that the Third Circuit has permitted "procedures that are less formal and evidence that is less complete" in preliminary injunction hearing, *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 718 (3d Cir. 2004)(where parties did not seek oral testimony), Terminals urges the Court to exercise its discretion to decline to consider hearsay evidence offered by Plaintiffs and to require witness examination. To the extent that the Court lowers the bar to admissibility to consider such evidence, the Court should allot little weight to evidence that has not been subject to cross-examination.

**BACKGROUND**

In their Evidentiary Motion, Plaintiffs seek to use the shortcut of "judicial notice" to have the Court consider 35 exhibits ("Exhibits") that largely constitute inadmissible hearsay. The Exhibits fall roughly into the following categories; (1) documents associated with operations at the St. Croix Refinery; (2) excerpts of correspondence between different Limetree entities and other third parties such as the EPA and DPNR; (3) documents from other legal proceedings and (4) images whose origin is undocumented and relevance is unexplained.  Plaintiffs also seek a "relaxed evidentiary" standard to permit the Court to consider not only the authenticity of these documents but the facts asserted for the truth of the matter as it pertains to this lawsuit and preliminary injunction hearing.  It is unclear whether Plaintiffs seek admission of hearsay as it appears in the numbered exhibits it seeks judicial notice for in their Evidentiary Motion, or for all of its exhibits. This Response addresses only Exhibits listed in this Evidentiary Motion and Terminals reserves all rights to object to any other evidence Plaintiffs improperly seek to admit.

<u>ARGUMENT</u>

Plaintiffs have failed to establish their burden to have the Court admit the bulk of their proposed exhibits pursuant to Rule 201(b) of the Federal Rules of Evidence, much less establish that the truth of the matter purported to be asserted in this documentary evidence should be adopted by the Court in contradiction of the hearsay prohibition set forth in Fed. R. Evid. 802.

Pursuant to Fed. R. Evid. 201 (b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  The Court "must take judicial notice if a party requests it" only after

"the court is supplied with the necessary information." Fed. R. Evid. 201(b)(2). Indeed, "[t]he burden is on the party seeking judicial notice to show that these requirements have been satisfied." *Amos v. Cain*, No. 4:20-CV-7-DMB-JMV, 2020 U.S. Dist. LEXIS 211386, at *2 (N.D. Miss. Nov. 12, 2020) (citing *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 272 F.R.D. 505, 516 (E.D. Cal. 2011); see 21B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE EVIDENCE § 5108 (2d ed.) ("Rule 201(d) places the burden on the proponent to supply the necessary information.")). Rule 201 "governs judicial notice of an adjudicative fact only, not a legislative fact." Fed. R. Evid. 201(a). "Adjudicative facts are those facts which are relevant to the disposition of the case." *See Amos v. Cain*, No. 4:20-CV-7-DMB-JMV, 2020 U.S. Dist. LEXIS 211386, at *3-4 (N.D. Miss. Nov. 12, 2020) (citing *Usery v. Tamiami Trail Tours, Inc.*, 531 F.2d 224, 244 n.52 (5th Cir. 1976) (Brown, C.J., concurring)). When taking judicial notice, "[c]aution must . . . be taken to avoid admitting evidence . . . in contravention of the ... hearsay rules." *Id*. at *3-4 (N.D. Miss. Nov. 12, 2020) (collecting cases) (quoting *American Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009)). Thus, while "[a] court may take judicial notice of a document filed in another court" it cannot do so "'for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Inductotherm Indus. v. United States*, Civil Action No. 99-2451, 2002 U.S. Dist. LEXIS 14046, at *6-7, 89 A.F.T.R.2d (RIA) 2002-2394 (D.N.J. Mar. 26, 2002) (quoting *International Star Class Yacht Racing v. Tommy Hilfiger*, 146 F.3d 66, 70 (3d Cir. 1998)); *see also Kellner v. Amazon*, Civil Action No. 22-01124, 2023 U.S. Dist. LEXIS 30626, at *9 (D.N.J. Feb. 23, 2023) (citing *Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001) (noting that while this Court may consider previous filings and opinions in related court proceedings, it may not do so for the truth of the matter."); *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005) (recognizing

that "courts may not take judicial notice of court documents provided for the truth of the facts asserted therein" when such documents contain facts essential to support a contention in a cause then before it") (internal quotations and citations omitted)). The same principle applies to documents that are of public-record. *Williams v. Alameda Cty.*, No. 3:22-cv-01274-LB, 2022 U.S. Dist. LEXIS 212072, at *14-15 (N.D. Cal. Nov. 22, 2022) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (recognizing that "[t]he court judicially notices public-record documents but not disputed facts in them."); *Moreno v. Ross Island Sand & Gravel Co.*, No. 2:13-cv-00691-KJM-KJN, 2015 U.S. Dist. LEXIS 127887, at *7-8 (E.D. Cal. Sep. 23, 2015) (citing *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1054 (N.D. Cal. 2012), *aff'd*, 520 F. App'x 534 (9th Cir. 2013) (agreeing that "there can be no reasonable dispute that (a) the federal or California government published them, as the case may be, and (b) these documents' contents are as listed" but opining that "[b]y taking judicial notice of these documents, the court does not assume their entire truth.").

Plaintiffs' reliance on *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 718 (3d Cir. 2004) does not establish that the Court may disregard all Federal Rules of Evidence in a preliminary injunction hearing. Indeed, the Third Circuit emphasized that "[d]istrict courts must exercise their discretion in 'weighing all the attendant factors, including the need for expedition,' to assess whether, and to what extent, affidavits or other hearsay materials are 'appropriate given the character and objectives of the injunctive proceeding.'" *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 719 (3d Cir. 2004) (quoting *Asseo v. Pan Am. Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986)). It should also be noted that in *Kos Pharm*, the court relied solely on documentary evidence as neither of the parties had requested an opportunity to adduce oral testimony. *Id*. at 706. In this case, both parties intend to present live witness testimony and have not agreed to abstain from cross-

examination. The Third Circuit in *Kos Pharm* also found that the evidence defendants objected to as inadmissible hearsay would actually "be admissible even if compliance with the Federal Rules of Evidence or the strictures governing Rule 56(e) affidavits were required." *Id.* at 719 (noting that some of the statements proffered by appellee was not offered for the truth of the matter; that some qualified as "statements of the declarant's then existing state of mind" under Fed. R. Evid. 803(3)). Thus, the Third Circuit's decision did not solely rest on the propriety of inadmissible hearsay. *See also Asseo* 805 F.2d at 26 (holding that it was appropriate for the court to consider a transcript of testimony because "[e]ssentially the same issues being examined by the district court were also at issue before the ALJ, and appellants had the opportunity to cross-examine each witness in the hearing before the ALJ").

Given the above considerations, and recognizing that the Court may take judicial notice and recognize the authenticity of documents of public-record, such as pleadings in other litigation solely for the purposes of recognizing they exist but not the truth of what is stated, Terminals objects to admission of all of the proffered exhibits as follows:

> **Exhibits 8-12** (Correspondence): Object to admission pursuant to judicial notice under Fed. R. Evid. 201 as to both authenticity and truth of the statements contained therein unless presented with the live testimony of a witness correspondent;
>
> **Exhibits 14-19**: (Correspondence): Object to admission pursuant to judicial notice under Fed. R. Evid. 201 for the truth of the statements contained therein unless presented with the live testimony of a witness correspondent;
>
> **Exhibit 22** (EPA email): Object to admission pursuant to judicial notice under Fed. R. Evid. 201 as to both authenticity and truth of the statements contained therein;
>
> **Exhibit 23** (EPA complaint): Object to admission pursuant to judicial notice under Fed. R. Evid. 201 for the truth of the statements contained therein;
>
> **Exhibits 25-26** (EPA Correspondence): Object to admission pursuant to judicial notice under Fed. R. Evid. 201 as to both authenticity and truth of the statements contained therein unless presented with the live testimony of a witness correspondent;

**Exhibits 28-29** (Insurance documents): Object to admission pursuant to judicial notice under Fed. R. Evid. 201 for the truth of the statements contained therein;

**Exhibits 30-39** (photographs, screenshots, video): Object to admission pursuant to judicial notice under Fed. R. Evid. 201 as to both authenticity and truth of the statements contained therein.

For the Exhibits, as noted above, Plaintiffs have failed to establish that the document(s) in question "is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" and that inadmissible hearsay does not preclude them, or that the Court should exercise its discretion to ignore the hearsay prohibition to admit the documents for the truth of the matter asserted therein. According, Terminals respectfully requests that the Court decline to take judicial notice of the above-cited Exhibits.

Respectfully Submitted,

**BECKSTEDT & KUCZYNSKI LLP**
*Attorneys for Limetree Bay Terminals, LLC*
2162 Church Street
Christiansted, St. Croix
U.S. Virgin Islands 00820
Tel: (340) 719-8086 / Fax: (800) 886-6831

DATED: March 1, 2023    By:    s/ Carl A. Beckstedt III, Esq.
Carl A. Beckstedt III, Esq.
VI Bar No. 684
carl@beckstedtlaw.com

*and*

**BLANK ROME LLP**
Kevin J. Bruno, Esq.
*admitted pro hac vice in Cotton, Civ. No. 2021-0261*
1271 Avenue of the Americas
New York, NY 10020
212.885.5000
kbruno@blankrome.com

Melanie S. Carter, Esq.
*admitted pro hac vice in Shirley*, *Civ. No. 2021-0259*
130 N. 18th Street
One Logan Square
Philadelphia, PA 19103
215.569.5720
melanie.carter@blankrome.com

*Counsel for Limetree Bay Terminals, LLC*