**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| CLIFFORD BOYNES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LIMETREE BAY VENTURES, LLC et al.,<br><br>    Defendants. | 1:21-cv-0253-WAL-EAH |
| HELEN SHIRLEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LIMETREE BAY VENTURES, LLC et al.,<br><br>    Defendants. | 1:21-cv-0259-WAL-EAH |
| MARY L. MOORHEAD, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LIMETREE BAY VENTURES, LLC et al.,<br><br>    Defendants. | 1:21-cv-0260-WAL-EAH |
| BEECHER COTTON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LIMETREE BAY VENTURES, LLC et al.,<br><br>    Defendants. | 1:21-cv-0261-WAL-EAH |

**TO:**

John K. Dema, Esq.
Charlotte K. Perrell, Esq.
Rebekka C. Veith, Esq.
Derek Y. Sugimura, Esq.
Brian James Mersman, Esq.
Gregg R. Kronenberger, Esq.
C. Hogan Paschal, Esq.
Gaylin Vogel, Esq.
Hugh P. Lambert, Esq.
Alexis Hill, Esq.
J. Christopher C. Zainey, Jr., Esq.
William J. Sheppard, Esq.
Kerry J. Miller, Esq.
Shubhra Mashelkar, Esq.
Lee J. Rohn, Esq.
Ethan A. Wilkinson, Esq.
Paul C. Thibodeaux, Esq.
Christopher G. Garten, Esq.
Jennifer Jones, Esq.
Brendan Doherty, Esq.
Earnesta L. Taylor, Esq.
Nick P. Panayotopoulos, Esq.
Charles Edward Lockwood, Esq.
Daniel T. Donovan, Esq.
Erin Quick, Esq.
Mary Elizabeth Miller, Esq.
Matthew Scott Owen, Esq.
J. Daryl Dodson, Esq.
Arthur Justin Herskowitz, Esq.
Francis Healy, Esq.
Kanaan Le'Roy Wilhite, Esq.
Adam Nicholas Marinelli, Esq.
Lori B. Leskin, Esq.
Anna Katherine Benedict, Esq.

Rhonda R. Trotter, Esq.
Robert Franciscovich, Esq.
Schuyler A. Smith, Esq.
Andres Pino, Esq.
Chivonne Thomas, Esq.
Jennifer Quildon Brooks, Esq.
Ryan C. Stutzman, Esq.
Alex M. Moskowitz, Esq.
Ke Zhang, Esq.
Martin A. Sheldon, Esq.
Michael L. Sheesley, Esq.
Kevin F. D'Armour, Esq.
Lisa Michelle Komives, Esq.
Carly Jonakin, Esq.
Jon F. Carmer Jr, Esq
Martin A. Shelton, Esq.
Ronald S. Masterson, Esq.
Meredith Pohl, Esq.
Keith Kodosky, Esq.
Rob Dille, Esq.
Elizabeth C. Milburn, Esq.
Adam B. Zuckerman, Esq.
Kenneth M. Klemm, Esq.
Alexandra M. Lyon, Esq.
Amy L. Champagne, Esq.
Jennifer Levy, Esq.
Anna G. Rotman, Esq.
Jennifer A. Adler, Esq.
Aimee M. Adams, Esq.
Camalla K. Guyton, Esq.
Sarah K. Casey, Esq.
Nicolas K. Caldwell, Esq.

## AMENDED SCHEDULING ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Extend Pretrial Deadlines Six Months, filed on February 25, 2025. Dkt. No. 978.[1] The Court held a hearing on the motion on April 8, 2025 at which the parties, through counsel, advised the Court that they have reached a stipulation as to the extension of certain deadlines and dates contained in the Scheduling Order. Dkt. No. 677.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The parties asserted, and the Court agrees, that good cause exists to modify the Scheduling Order in this case. Accordingly, the Court accepts the stipulated extension of certain deadlines and dates contained in the parties' proposed Order. *See* Dkt. No. 1148-1.

At the hearing, the Court also addressed the Plaintiffs' motion to discuss modifying the Scheduling Order's provisions regarding mediation. *See* Dkt. No. 1104. The parties, through counsel, agreed that the Scheduling Order, Dkt. No. 677, and a subsequent Order addressing mediation, Dkt. No. 790, should be modified such that the parties should be directed to attend an in-person mediation session with mediator John W. Perry, Jr. by no later than June 30, 2025, at which each Defendant must be present.

The parties further agreed that for any such mediations, as to any insured party, a representative of each carrier must attend with full authority to settle without further consultation, or authority to make a final recommendation of settlement to the appropriate decision-making body of that carrier. The parties submit a list of such

---

[1] All citations to the docket in this Order refer to the docket in *Boynes v. Limetree Bay Ventures, LLC, et al.*, No. 21-cv-253.

carriers and policies based on information provided in Rule 26 disclosures and from Limetree Bay Refining's Bankruptcy Proceedings. *See* Dkt. No. 1148-1 at 3-4.

The premises considered, it is now hereby **ORDERED**:

1. Defendant's Motion to Extend Pretrial Deadlines Six Months, Dkt. No. 978, is **GRANTED** to the extent it seeks an extension of certain deadlines and **DENIED** to the extent it seeks those deadlines be extended six-months.

2. The Scheduling Order, Dkt. No. 677, shall be amended as follows:

    a. The parties shall have up to and including **July 14, 2025** for the **Completion of Document Production**, including Privilege Logs and Interrogatory Responses.

    b. The parties shall have up to and including **August 13, 2025** for the **Identification of Excerpts and General Subject Matter of Testimony**.

    c. The parties shall have up to and including **September 10, 2025** for the **Identification of Rebuttal Experts and General Subject Matter of Testimony**.

    d. **Fact Discovery** shall **CLOSE** on **October 17, 2025**.

    e. Plaintiffs shall have up to and including **October 17, 2025** to **Amend the Pleadings and to Add Parties**.

    f. The parties shall have up to and including **October 17, 2025** to file **Initial Expert Reports**.

    g. The parties shall have up to and including **November 17, 2025** to file **Rebuttal Expert Reports**.

    h. The parties shall have up to and including **December 12, 2025** to file **Reply Expert Reports**.

    i. **Expert Discovery** shall CLOSE on **February 10, 2026**.

    j. Plaintiffs shall have up to and including **March 16, 2026**, within which to file their **Motion for Class Certification**.

    k. Defendants shall have up to and including **April 17, 2026** within which to file their **Responses to Plaintiffs' Class Certification Motion**.

    l. Plaintiffs shall have up to and including **May 8, 2026** within which to file their **Replies to Defendants' Responses to Plaintiffs' Motion for Class Certification**.

3. All other aspects of the Scheduling Order, Dkt. No. 677, shall remain in place.

4. The parties shall conduct an in-person mediation session with mediator John W. Perry, Jr. by no later than **June 30, 2026** at which each Defendant Party will be present.

5. For any such mediations, as to any insured party, a representative of each carrier must attend with full authority to settle without further consultation or authority to make a final recommendation of settlement to the appropriate decision-making body of that carrier.

6. The Plaintiffs' "Motion for Status Conference to Discuss Renewed Mediation Orders," Dkt. No. 1104, is **DENIED AS MOOT**.

ENTER:

*[signature]*

EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE

Dated: April 11, 2025